UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ZACHAERY GREER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-00047-JPH-DLP |
| | ) |
| WEXFORD OF INDIANA, LLC, | ) |
| N. RAJOLI Dr., | ) |
| | ) |
| Defendants. | ) |

**Order Granting Summary Judgment and Directing Final Judgment**

Plaintiff Zachaery Greer is an Indiana Department of Correction (IDOC) inmate incarcerated at the Wabash Valley Correctional Facility (WVCF) in Carlisle, Indiana. He commenced this action on January 23, 2020, alleging that after he broke his hand in a fall, defendant Dr. Rajoli was deliberately indifferent to his condition and that Dr. Rajoli's employer, Wexford of Indiana, LLC, maintained cost-cutting measures that endangers inmates' lives. Dkt. 2. Both defendants seek summary judgment, asserting that Mr. Greer failed to exhaust his available administrative remedies before filing this action. Dkt. 40. Mr. Greer has not responded to the motion for summary judgment, and the defendants' uncontested evidence supports their assertions. Because the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (PLRA), requires that administrative remedies be exhausted before filing suit, the defendants' motion for summary judgment, dkt. [40], is **granted**.

**II. Standard of Review**

**A. Summary Judgment**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ.

1

P. 56(a). "Material facts are those that might affect the outcome of the suit under applicable substantive law." *Dawson v. Brown,* 803 F.3d 829, 833 (7th Cir. 2015) (internal quotation omitted). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page,* 906 F.3d 606, 609-10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *See Barbera v. Pearson Education, Inc.,* 906 F.3d 621, 628 (7th Cir. 2018).

The defendants' motion for summary judgment, brief in support, and Rule 56 notice were served on Mr. Greer on or about June 29, 2020. Dkts. 38-40. As noted above, Mr. Greer did not file a response. The consequence of Mr. Greer's failure to respond is that he has conceded the defendants' version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1(b) ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

### B. Prison Litigation Reform Act Exhaustion

The substantive law applicable to the motion for summary judgment is the PLRA, which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir.

2020); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) ("'To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Because exhaustion of administrative remedies is an affirmative defense, the burden of proof is on the defendants to demonstrate that Mr. Greer failed to exhaust all available administrative remedies before he filed this suit. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it."). The exhaustion requirement "hinges on the 'availab[ility]' of administrative remedies: [the prisoner] must exhaust available remedies, but need not exhaust unavailable ones." *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016) (alteration in original).

### III. Facts

The following facts relevant to the motion for summary judgment, unopposed by Mr. Greer and supported by admissible evidence, are accepted as true:

At all times relevant to Mr. Greer's claims, the IDOC maintained an offender grievance process. Dkt. 42 at 10-24 (IDOC Offender Grievance Policy). A copy of the grievance process and

procedure was available to Mr. Greer in the WVCF law library. Dk. 42 at 2, ¶ 7 (affidavit of WVCF Grievance Specialist Thomas Wellington). Grievances concerning the delivery of health care are within the scope of the grievance process. *Id.*, ¶ 8. Exhaustion of the grievance process requires completing each step of the process: informal grievance, formal grievance, appeal to the Warden, and a final appeal to the IDOC Grievance Manager. *Id.*, ¶ 29.

Grievance Specialist Wellington maintains responsibility for medical and non-medical offender grievances at WBVF. *Id.,* ¶ 4. He is the custodian of WVCF grievance records, keeps records of all inmate grievances made at WVCF, and enters them into the IDOC's Offender Grievance Review and Evaluation Case Management System. *Id.*, ¶¶ 4-5.

The IDOC's grievance records show that Mr. Greer submitted an informal grievance to Kim Hopkins in the medical department on March 15, 2019. *Id.*, ¶ 34 and at 25 (copy of informal grievance). Mr. Greer complained that when he saw a physician on February 7, 2019, the physician refused to x-ray his injured wrist, but that three weeks later when he finally received an x-ray, it showed that his wrist was broken. *Id.* at 25. The Director of Nursing responded and stated that the March 19, 2019 x-ray showed no fracture. *Id.*

Mr. Greer submitted a formal grievance on April 5, 2019, concerning the same allegations, adding that the physician had only given him an ACE wrap, and asking for compensation for pain and suffering. *Id.* at 7, ¶ 36; *id.* at 26. This grievance was not accepted because it asked for compensation which is not an appropriate subject for the grievance process. *Id.* The IDOC's records do not show that Mr. Greer ever re-submitted the formal grievance or appealed its rejection to the Warden or IDOC Grievance Manager. *Id.* at ¶ 39. The IDOC records do not contain any other grievance related to this medical incident. *Id.* at ¶ 40.

## IV. Discussion

The undisputed facts demonstrate that Mr. Greer did not exhaust his available state remedies concerning the allegations in his complaint. When his formal grievance was rejected for seeking monetary relief, something the grievance process does not provide for, Mr. Greer had a time limit to resubmit the grievance in proper form or to pursue an appeal. Dkt. 42 at 10. Instead, he did nothing to complete the grievance process.

As noted above, "[p]roper exhaustion demands compliance with an agency's deadlines . . . ." *Woodford*, 548 at 90-91 (2006) (footnote omitted); *see also Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo*, 286 F.3d at 1025). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *Dole*, 438 F.3d at 809. The PLRA's exhaustion requirement is not subject to either waiver by a court or futility or inadequacy exceptions. *Booth v. Churner*, 532 U.S. 731, 741, n.6 (2001); *McCarthy v. Madigan*, 503 U.S. 140 (1992) ("Where Congress specifically mandates, exhaustion is required.").

The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Mr. Greer's action should not have been brought. The defendants' motion for summary judgment, dkt. [40], is **granted**. This action is **dismissed without prejudice**. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (holding that "all dismissals under § 1997e(a) should be without prejudice."). Final judgment consistent with this Order shall now enter.

The **clerk is directed** to terminate the prior motion for summary judgment, dkt. [34], as duplicative of the instant motion.

Finally, all other pending motions, if any, are **denied** as moot.

**SO ORDERED**.

Date: 12/18/2020

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Zachaery Greer
245382
Wabash Valley Correctional Facility - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Heather Terese Gilbert
Cassiday Schade LLP
hgilbert@cassiday.com

Emily Kathleen VanTyle
Cassiday Schade LLP
evantyle@cassiday.com

Marilyn A. Young
Cassiday Schade LLP
myoung@cassiday.com